UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANDRE DAVIS, )
 )
        Petitioner, )
 )
v. ) No. 1:11-cv-085-TWP-TAB
 )
MR. FINNAN, )
 )
        Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner, Andre Davis filed Petition for Writ of Habeas Corpus (Dkt. No. 1), on January 18, 2011. This matter is before the Court for a ruling on Respondent's Motion to Dismiss (Dkt. No. 12) and Petitioner's Motion to Grant Habeas Relief (Dkt. No. 16).

Andre Davis was found guilty of violating prison rules and was sanctioned following a prison disciplinary proceeding identified as No. ISR 10-09-011. The sanction imposed consisted of a fifteen-day loss of earned credit time, however the credit time sanction was later suspended and has never been enforced. The six month time in which the suspention could have been enacted has passed. Therefore, after the sanction was modified there was no deprivation of credit time or a credit class demotion and the petitioner is no longer in custody pursuant to the challenged disciplinary proceeding. Davis' habeas challenge is therefore moot. See *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.")(quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

An action which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). The fact that the habeas claim was not moot when filed does not prevent the recognition that the claim became moot once the suspended sanction could no longer be imposed. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 (1950). "The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)(internal quotation marks omitted).

The respondent's motion to dismiss (Dkt. No. 12) is **Granted.** Davis' motion to grant habeas corpus relief (Dkt. No. 16) is **Denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/20/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Pamela Sue Moran
INDIANA OFFICE OF THE ATTORNEY GENERAL
pamela.moran@atg.in.gov

Andre Davis
DOC #933146
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064